IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KEITH HENDERSON, | : | |
| Petitioner. | : | |
| VS. | : | |
| Warden MARTY ALLEN, | : | NO. 1:14-CV-131 (WLS) |
| Respondent. | : | |
| | : | **O R D E R** |

Petitioner **KEITH HENDERSON**, a state prisoner confined at Wheeler Correctional Facility, has filed in this Court what purports to be a habeas petition under 28 U.S.C. § 2241 (Doc. 1).[1] Petitioner indicates that he wishes to attack his 2005 conviction of "robbery to armed robbery" in the Superior Court of Early County.

Petitioner also requests to proceed *in forma pauperis* ("IFP") (Doc. 2) and a motion for appointment of counsel (Doc. 3). Solely for purposes of dismissing this action, Petitioner's IFP motion is **GRANTED**.

Under Rule 4 of the Rules Governing Section 2254 Cases, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

---

[1] Petitioner filed his application using the Georgia Superior Court standard habeas form.

the district court…."2  It plainly appears from the petition that Petitioner is not entitled to relief in this Court.

The petition is largely nonsensical.  Petitioner lists the following grounds for relief:  (1) "Right to equal treatment upholding district court orders directing desegregation at Albany divisions …."; (2) "Right to Procedural Due Process"; (3) "Customary International Law several practices such as slavery, torturing, kidnapping, self discriminating"; and (4) "Rape by molestation, abuse, experience of tendencies, when sexually molested deprive out of something."3

Petitioner is not entitled to relief under section 2241.  He is not a pretrial detainee and is not challenging the execution of his sentence.

The proper vehicle for Petitioner to challenge his Early County conviction is a petition under 28 U.S.C. § 2254.  Although the Court could construe the instant petition as one filed under section 2254, such construction would be inappropriate.  In addition to Petitioner not stating any valid grounds for his challenge, he recently filed in the United States District Court for the District of Nevada a section 2254 action challenging his Early County conviction.  That action was subsequently transferred to this Court and is now pending under civil action number 1:14-cv-128-WLS-TQL.  Petitioner cannot maintain two section 2254 petitions challenging the same conviction.

---

2   Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.

3   Accompanying the petition is a "Demand for Trial Before Indictment Returned" (Doc. 4), in which Petitioner states that he was arrested in Albany, Georgia on an unspecified date for numerous charges, many of which clearly are not crimes (*e.g.*, deliberate indifference, "customary international law several practices," and cruel and unusual punishment).  If such arrest actually occurred and Petitioner wishes to challenge it, the appropriate vehicle is a section 2241 petition, filed in the Southern District of Georgia, in which Petitioner is presently confined.

Accordingly, the instant petition is **DISMISSED WITHOUT PREJUDICE** and Petitioner's motion for appointment of counsel is **DENIED**.

Reasonable jurists could not find that such dismissal is debatable or wrong; Petitioner is thus also **DENIED** a Certificate of Appealability. Finally, because Petitioner is not entitled to a COA, he is not entitled to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 8th day of September, 2014.

/s/ W. Louis Sands
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE